JAMES H. FAULKNER, Retired Justice.
Jeffery C. Bailey appeals from a conviction of robbery in the first degree and a sentence of life imprisonment without parole as a habitual offender.
The evidence showed that Bailey and his friend went to Carmen Zegarelli’s house, in Birmingham, Alabama, at approximately 11:30 p.m. on May 15, 1989. Bailey knocked on the door and he and his accomplice, Carl, were admitted by Zegarelli. Bailey, when admitted, pulled a revolver on Zegarelli, and directed him to go upstairs to a bedroom. Zegarelli, Bailey, and Carl moved up the stairs with the gun held to Zegarelli’s head. Once upstairs, Bailey ordered Zegarelli to lie face down on a bed. Bailey demanded money and took it from Zegarelli — an amount of $900 according to Bailey. Bailey and Carl also took jewelry, diamonds, a watch, and a chain with a cross on it. During the course of the robbery, Bailey and Carl also pistol whipped Zegar-elli and broke some of his ribs by kicking him while he lay prostrate on the floor feigning unconsciousness.
Bailey testified that he knew Zegarelli, that he had had previous business dealings with him, and that he went over to Zegarel-li’s house to collect a $900 debt owed to him by Zegarelli — a debt resulting from a sale of furniture. Zegarelli denied knowing Bailey and denied having had any business relations with Bailey. There was no independent evidence that Bailey and or Zegar-elli either knew each other or had had any business dealings. Bailey, however, did testify that he had been introduced to Ze-garelli by one Jerry McRees, a permanent resident of Kilby prison.
When the state rested, Bailey’s counsel moved at the docket call for a continuance on the ground that McRees was a vital witness for trial; the jury had been voir dired; he had made an attempt to get the witness in court for the defendant, and was informed that it would be late afternoon the following day before prison authorities could transport McRees to the courtroom. The judge did not want to hold up the trial. The judge further stated that if he had been notified sooner, he could have had the witness brought to the court. It is to be noted that the trial was initially set for December 4, 1989, and had been continued until January 22, 1990. Bailey’s counsel had known of the witness at least five months before the trial. Although Bailey’s counsel did not know what facts McRees would state in court, Bailey stated to the court that he wanted to prove by McRees that he, McRees, had introduced Bailey to Zegarelli, and that, therefore, Zegarelli lied when he testified that he did not know Bailey.
The denial of the motion for continuance is the sole error presented and argued in this appeal.
Rule 8.3, Alabama Rules of Criminal Procedure, provides that the court may grant a continuance upon its own motion, or motion of the party. Rule 15.3 provides that a motion for continuance should be filed at or before arraignment or at such other time as the court may permit. A motion for continuance addresses itself to the sound discretion of the trial court, and its ruling *54 will not be disturbed in the absence of abuse.
In Ex parte Saranthus, 501 So.2d 1256 (Ala.1986), the Supreme Court stated that a continuance should be granted if (1) the expected evidence is competent and material, (2) there is a probability that the evidence will be forthcoming if the case is continued, and (3) the movant has exercised due diligence to secure the evidence.
We hold that the trial court did not abuse its discretion by denying the motion for continuance. First, the expected evidence from McRees was not known by Bailey’s counsel; Bailey said he wanted McRees to testify that he had introduced Zegarelli and Bailey and that Bailey had had previous business dealings with Zegarelli. We consider that this expected evidence was neither competent nor material. Beating and robbing an alleged business acquaintance is just as much a criminal violation as beating and robbing a stranger. The fact also remains that Bailey and Carl not only took money for an alleged debt, but also in the process of the beating and robbery took other items of property which were not connected with the alleged debt. We fail to see how the expected evidence from the Kilby prison inmate would have been material and competent for Bailey’s defense.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.